ISAAC EWER *vs.* GEORGE LOVELL.

Cutting timber for fences by one tenant in common, from time to time for more than twenty years, in a cedar swamp surrounded by cultivated lands, is no disseisin of his cotenant.

WRIT OF ENTRY, dated April 16th 1856, to recover an undivided half of a piece of cedar swamp in Barnstable. Plea, nul disseisin.

At the trial, the demandant proved by record a division of the entire swamp, called the Round Swamp, in 1792, part to the heirs of Jacob Lovell in common, and the residue to certain other persons, and the vesting of the title of some of Jacob Lovell's heirs in the demandant, and of Lovell's other heirs and said other persons in the tenant.

The tenant relied upon a title by disseisin, and offered evidence that he and those under whom he claimed title had since 1821, from time to time, but not every year, cut cedar in the swamp, wherever it was fit for cutting, making no distinction

between the part held by them in severalty, and the part held in common with those having the demandant's title; that the demandant never interfered with such cutting, and it did not appear that it was known to him, until 1848, when he asserted his title. The tenant also offered evidence to show that the land around the swamp on all sides was open and cleared, down to the swamp, and had been cultivated as parts of farms, or pastured, for more than fifty years; but none of this upland was owned by the demandant, and only a piece on the northern side by the tenant. It was also in evidence that the swamp was situated at one end of the village of Osterville, not far from the highway, and near dwellings, some of which had been there for forty years and more, though it was testified that a person might be cutting cedar in the swamp and another passing in the highway not be likely to see the act.

*Dewey,* J. proposed to instruct the jury "that the acts of the tenant and those under whom he claimed were not sufficient to establish a disseisin twenty years before the commencement of this action in such land as the demanded premises, especially as the tenant or those privy to his estate were cotenants with the demandant and those from whom he derived his title." A verdict was thereupon taken for the demandant, and the case reported, at the request of the tenant, for the opinion of the whole court.

*G. Marston,* for the demandant, cited *Slater* v. *Jepherson,* 6 Cush. 129; *Cook* v. *Babcock,* 11 Cush. 206.

*B. F. Hallett,* for the tenant, cited *Kennebeck Purchase* v. *Springer,* 4 Mass. 146; *Coburn* v. *Hollis,* 3 Met. 125; *Allen* v. *Holton,* 20 Pick. 458; *Drake* v. *Curtis,* 1 Cush. 395; *Small* v. *Procter,* 15 Mass. 495; *Prescott* v. *Nevers,* 4 Mason, 326; *Sumner* v. *Stevens,* 6 Met. 337; *Brimmer* v. *Long Wharf,* 5 Pick. 134; *Boston Mill Corporation* v. *Bulfinch,* 6 Mass. 229; *Baker* v. *Salmon,* 2 Met. 32; *Melvin* v. *Proprietors of Locks & Canals,* 5 Met. 15; *Poignard* v. *Smith,* 6 Pick. 172; *Parker* v. *Proprietors of Locks & Canals,* 3 Met. 91; *Blood* v. *Wood,* 1 Met. 528.

THOMAS, J. This under our law of disseisin is a plain case. The demandant showed a good record title. The records also

show that the tenant in this action was tenant in common of the land with the demandant. The tenant attempted to show a title by disseisin. The land was a cedar swamp, near to a village, surrounded by cultivated lands. The evidence of disseisin was the cutting by the tenant from time to time of cedar for fences. The cutting was not every year, nor was the cutting brought home to the knowledge of the true owner. Here is no disseisin. *Judgment on the verdict.*